ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

ISC Holding AG,

                Petitioner,

- against -

Nobel Biocare Investments N.V.,

                Respondent.
- - - - - - - - - - - - - - - - -X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/30/10
```

08 Civ. 11051 (LLS)

**OPINION AND ORDER**

    Treating respondent's Motion to Set a New Trial Date as an application under Federal Rule of Civil Procedure 60(b)(6) to vacate petitioner's Notice of Voluntary Dismissal, the question is whether petitioner can terminate this proceeding by the simple filing of a notice under Federal Rule of Civil Procedure 41(a)(1)(A) which provides ". . . the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment;". If not, petitioner is limited to Rule 41(a)(2) which states "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

    Although the defendants had not filed an answer or summary judgment motion in Harvey Aluminum, Inc. v. American Cyanamid Co., 203 F.2d 105 (2d Cir. 1953), the Court of Appeals vacated the plaintiffs' notice of voluntary dismissal. There had been a

hearing which lasted several days and generated a 420-page record upon a preliminary injunction motion. Id. at 107. The Court of Appeals stated that "The purpose of [Rule 41(a)(1)] is to facilitate voluntary dismissals, but to limit them to an early stage of the proceedings before issue is joined." Id. Because an extensive hearing had been held in which "the merits of the controversy were squarely raised," and the district court's denial of the preliminary injunction was based in part on its assessment of the merits, the Court of Appeals concluded that "a literal application of Rule 41(a)(1) to the present controversy would not be in accord with its essential purpose of preventing arbitrary dismissals after an advanced stage of a suit has been reached." Id. at 107-08.

Harvey Aluminum "has not been well received," Thorp v. Scarne, 599 F.2d 1169, 1175 (2d Cir. 1979), and the Court of Appeals has limited it to its facts. See id. at 1176 ("We hold, therefore, that at least in cases falling short of the extreme exemplified by Harvey Aluminum, notices of dismissal filed in conformance with the explicit requirements of Rule 41(a)(1)(i) are not subject to vacatur."). However, Harvey Aluminum has not been overruled, and the Thorp court stated that "there may be a point in legal proceedings where the purpose of Rule 41(a)(1)(i) would be better served by abandoning a literal interpretation." Id. The Thorp court distinguished Harvey Aluminum on its facts:

in Thorp the plaintiff filed a notice of dismissal only 13 days after filing his complaint, and "The district court had conducted a short untranscribed hearing, lasting less than two hours, during which no testimony was given. Only three causes of action out of the seven alleged in the complaint were addressed either in argument or memoranda of law by either side." Id.  When the merits of the controversy have been squarely raised, and the case is at an advanced stage, voluntary dismissal may still be unavailable. See Poporic v. Jugo Shop, No. 08-CV-2081 (KAM)(JO), 2010 WL 1260598, at *6 (E.D.N.Y. Mar. 31, 2010).

This case has the extreme facts justifying vacating petitioner's notice of dismissal:  petitioner filed its notice 22 months into a proceeding that has no provision for service of an answer or summary judgment motion, after a decision on the merits and briefing, argument and remand by the Court of Appeals, on the eve of a hearing in which the merits of the controversy were to be squarely raised for a third time.

1.


Petitioner initiated this proceeding to compel arbitration on December 19, 2008.  Under the Federal Arbitration Act, such proceedings are initiated not by filing a complaint, but by a

petition for an order directing arbitration, which "shall be made and heard in the manner provided by law for the making and hearing of motions." 9 U.S.C. §§ 4, 6. Thus, the respondent must oppose the petition as it would a motion, not by serving an answer. See Productos Mercantiles E Industriales, S.A. v. Faberge USA, Inc., 23 F.3d 41, 46 (2d Cir. 1994) (district court properly treated petition to modify and confirm arbitration award as motion and "was not required to comply with the pleading requirements of Fed. R. Civ. P. 12(b)"); In re Seanav Int'l Ltd., No. 92 Civ. 5025 (PKL), 1992 WL 230175, at *2 (S.D.N.Y. Aug. 31, 1992) (failure to file memorandum of law in response to petition to compel arbitration constituted sufficient basis to grant petition by default because local rules provided that a party opposing a motion must serve and file a memorandum of law).

Respondent properly opposed the petition, and I denied it on its merits, finding that "there is no enforceable agreement to arbitrate." (Dkt. No. 29 at 2).

Petitioner appealed, and the Court of Appeals found that the arbitration clause was ambiguous and remanded for further proceedings. (Dkt. No. 32 at 2).

Following remand, the parties undertook discovery, which generated "over 2300 pages of documents" and "more than 1,300 pages of deposition testimony of five witnesses on both sides of

- 4 -

the Atlantic Ocean," (Resp. 10/28/10 Mem. 6-7), and an evidentiary hearing was scheduled for October 25, 2010.

On October 22 - one business day before the hearing was to begin - petitioner filed its notice of voluntary dismissal.

2.

In this case "the purpose of Rule 41(a)(1)(i) would be better served by abandoning a literal interpretation." Thorp, 599 F.2d at 1176. To do otherwise would leave respondent deprived of its long-awaited hearing and threatened with having to oppose the petition anew, despite having litigated the case for nearly two years, through a decision on the merits, appeal, remand and discovery, to the eve of a final hearing, simply because the procedures governing this case do not provide for service of an answer.

Conclusion

Respondent's motion is granted and petitioner's Notice of Voluntary Dismissal (Dkt. No. 40) is vacated. The parties shall appear for a conference on Friday, December 3, 2010 at 4 p.m. to discuss the scheduling of the evidentiary hearing.

So ordered.

Dated: New York, New York
       November 23, 2010

                                                                */s/ Louis L. Stanton*
                                                                 Louis L. Stanton
                                                                    U.S.D.J.